UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIPAKSORN TUNGJUNYATHAM, | CASE NO. 1:06-cv-01764-SMS |
|         Plaintiff, | ORDER (1) STAYING CASE DURING PLAINTIFF'S ABSENCE FROM UNITED STATES; (2) GRANTING PLAINTIFF'S MOTION TO RE-OPEN THE TIME IN WHICH TO APPEAL SUMMARY JUDGMENT MOTION; AND (3) GRANTING DEFENDANT'S REQUEST FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT |
|         v. | |
| MIKE JOHANNS, Secretary of the U.S. Department of Agriculture, | |
|         Defendant. | (Docs. 47 & 48) |

    Plaintiff Tipaksorn Tungjunyatham, appearing pro se, brought this suit against Defendant Mike Johanns, Secretary of the U.S. Department of Agriculture, claiming (1) employment discrimination based on Plaintiff's Thai origin, (2) retaliation for Plaintiff's filing an EEOC complaint; (3) wrongful termination; and (4) intimidation and violation of privacy.  The case was referred to the Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), F.R.Civ.P. 73(b), and Local Rule 73-301.  On November 13, 2009, this Court entered an order granting in part and denying in part Defendant's motion for summary judgment or, in the alternative, summary adjudication.  As a result of this order the sole remaining issue is Plaintiff's wrongful termination.

    Prompt resolution of this case has been hindered by Plaintiff's need to return repeatedly to Thailand because of serious illnesses and hospitalizations of both of her elderly parents.  On November 3, 2009, while Defendant's first summary judgment motion was under submission,

Plaintiff advised the Court of her need to travel to Thailand to visit her ailing father and requested that all schedules and deadlines be postponed until March.  On or about March 15, 2010, Plaintiff informally advised the Court that she had again been called to Thailand due to her mother's illness and that she would not receive mail or have access to a computer during her absence (*see* Doc. 47).  At this time, the Court became aware that, while she was away from the United States in November, Plaintiff had not been served with the November 13, 2009 order granting in part and denying in part Defendant's motion for summary judgment or, in the alternative, summary adjudication.  Accordingly, Plaintiff was not served with the order until March 15, 2010.  On March 18, 2010, Plaintiff requested that the Court rescind its prior order and permit her to respond in a timely fashion (Doc. 47).  The Court interprets this document as a motion to re-open the time in which Plaintiff may file an appeal of the November 13, 2009 order.  F.R.Civ.P. 8(e).

I.     **Re-opening Time to Permit Appeal**

F.R.Civ.P. 77(d)(1) provides that the Court Clerk will serve notice of the entry of an order or judgment on the parties:

> ***Service***.  Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear.  The clerk must record service on the docket.  A party may also serve notice of the entry as provided in Rule 5(b).

If the clerk fails to provide the required notice, F.R.Civ.P. 77(d)(2) provides:

> ***Time to Appeal Not Affected by Lack of Notice.***  Lack of notice of the entry does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).

Federal Rule of Appellate Procedure 4(a)(6) provides:

> **Reopening the Time to File an Appeal.**  The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A)  the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Federal Rule of Appellate Procedure 4(a)(7) defines "entry":

(A) A judgment or order is entered for purposes of this Rule 4(a):

> (I) if Federal Rule of Civil Procedure 58(a)(1) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) . . .

The civil docket establishes that the Clerk did not serve Plaintiff with notice of the November 13, 2009 order within 21 days of its entry. Plaintiff was served by mail on March 15, 2010 (*see* civil docket). Three days later, Plaintiff requested that the Court rescind its prior order and permit her to respond in a timely fashion (Doc. 47). Thus, F.R.App.P. 4(a)(6)(A) & (B) are satisfied.

Neither party will be prejudiced by re-opening the time period in which Plaintiff may file her appeal. As Defendant recognizes in its motion for leave to file another summary judgment motion (Doc. 48), discovery is closed, but no trial date has been set. Indeed, no pretrial scheduling order is presently in place. Because of her personal circumstances and her pro se status, Plaintiff's failure to inquire regarding the pending motion when she was called away is excusable in light of the substantial communication difficulties that Plaintiff has disclosed exist whenever she is called to Thailand to care for her parents. Because allowing parties to fully and fairly litigate their claims and defenses is in the interest of justice, this Court will order that, in accordance with the provisions of F.R.App.P. 4(a)(6), the time period in which Plaintiff may file her appeal be re-opened for fourteen days.

## II.     Leave to File Summary Judgment

Although the dispositive motion deadline in this case has passed, Defendant has moved for leave to file a motion for summary judgment on Plaintiff's wrongful discharge claim (Doc. 48). Defendant contends that permitting him to file a summary judgment motion is in the interests of judicial economy and procedurally benign.

Although Rule 56(c)(1) permits a summary judgment motion "at any time," the rule is subject to the Court's power to issue a scheduling order under F.R.Civ.P. 16(b). In general, a

party may appropriately move for summary judgment until thirty days after the end of discovery. F.R.Civ.P. 56(c)(1)(A).  A pretrial schedule may be modified only for good cause and with the judge's consent.  F.R.Civ.P. 16(b)(4).  Nonetheless, so long as no prejudice results, the policies underlying F.R.Civ.P. 56 favor extending the time in which summary judgment motions may be made when material facts are undisputed, and one of the parties is entitled to judgment as a matter of law.  *Utility Control Corp. v. Prince William Construction Co.,Inc.*, 558 F.2d 716, 719 (4th Cir. 1977).  "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)(*internal quotes and citation omitted*).  Sound judicial policy favors allowing a tardy summary judgment motion to proceed to the extent that an opposing party receives sufficient notice.

Further, in contrast to the last-minute summary judgment motion in *Utility Control Corp.*, Defendant seeks permission to move for summary judgment well before trial: indeed, trial is not presently scheduled in this case.  The Ninth Circuit has affirmed a grant of summary judgment as late as the pretrial conference, provided that the opposing party has had sufficient notice of the need to defend the sufficiency of its claim.  *Portsmouth Square, Inc. v. Shareholders Protective Committee*, 770 F.2d 866, 869-70 (9th Cir. 1985)(upholding *sua sponte* dismissal).  Because the undefined procedural status of this case allows sufficient time to permit adequate notice to Plaintiff before hearing Defendant's motion, no prejudice will result.  Accordingly, this Court will grant Defendant's motion for leave to file his summary judgment motion.

### III.     Stay of Case

A court has the inherent power to stay proceedings as an incident to its power to control the disposition of the cases on its docket.  *Smith v. Mail Boxes, Etc., U.S.A., Inc.*, 191 F.Supp.2d 1155, 1157 (E.D.Cal. 2002).  Staying a case is appropriate when the Court determines that a stay would serve the interests of judicial economy and efficiency, and the parties will not be prejudiced.  *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir.), *cert.*

///

*denied*, 444 U.S. 827 (1979).  Because Plaintiff is now absent from the United States and unable to receive this order, in the interest of justice, this Court will stay this order until her return.

A status conference is now scheduled for May 24, 2010, at 10:30 a.m.  This case will be stayed until that date or, in the event of an adjournment of the status conference, until that date to which the status conference is adjourned.  The time period for Plaintiff's appeal of the November 13, 2009 order will be re-opened as of the date of the status conference, and the hearing date for Defendant's summary judgment motion will then be settled.

### IV.     Conclusion and Order

This Court hereby ORDERS

1. The time period in which Plaintiff may file her appeal of this Court's November 13, 2009 Order shall be re-opened for fourteen days, beginning on the later of May 24, 2010, or that date to which the status conference now scheduled for May 24, 2010, is adjourned.
2. Defendant's Request for Leave to File Motion for Summary Judgment (Doc. 48) is hereby granted.  A hearing date for the motion shall be set on May 24, 2010, or on that date to which the status conference now scheduled for May 24, 2010, is adjourned.
3. All proceedings in this case are hereby stayed until May 24, 2010, or in the event of an adjournment, until that date to which the status conference is adjourned.

IT IS SO ORDERED.

Dated:     April 30, 2010                         /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE