# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIPAKSORN TUNGJUNYATHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MIKE JOHANNS, Secretary of the United States Department of Agriculture,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:06-cv-01764-SMS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LATE FILING OF OPPOSITION TO DEFENDANT'S BILL OF COSTS<br><br>(Doc. 81) |

Claiming that she did not receive notice of Defendant's submission of its Bill of Costs, Plaintiff moves for leave to file opposition. This Court denies Plaintiff's motion. Plaintiff is represented by counsel, the Reich Law Firm, which received notice of the Bill of Costs. Neither the Court nor Defendant is responsible to notify personally a party who is represented by counsel so long as notice is provided to the party's attorney of record.

On May 9, 2011, Plaintiff filed a notice advising the Court that she had terminated legal representation by the Reich Law Firm. The notice failed to comply with Local Rule 83-182 (d), which provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as an attorney is governed by the Rules of Professional Conduct of the State Bar of California and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

-1-

1
2   The Reich Law Firm has taken no action to withdraw as counsel.  Even assuming that
3   Plaintiff's notice of termination could somehow be interpreted as an exception to Local Rule 83-182
4   (d), Defendant's bill of costs was submitted and taxed well before the date on which Plaintiff claims
5   to have discharged the Reich Law Firm.
6   Plaintiff's motion for leave to accept late filing of opposition to Defendant's Bill of Costs
7   is HEREBY DENIED.

11  IT IS SO ORDERED.
12  **Dated:   May 27, 2011**                           /s/ Sandra M. Snyder
13                                            UNITED STATES MAGISTRATE JUDGE